NICHOLAS PAULY, JR., AS COLLECTOR OF THE TOWN OF HAMBURG, RESPONDENT, *v.* JOSEPH WAHLE AND OTHERS, APPELLANTS.

*Levy by a collector for unpaid taxes — when the question as to who had possession of the property at the time of the levy should be submitted to the jury — the statute authorizing the seizure of property of third persons in the possession of the person owing the tax is constitutional — 2 R. S. (7th ed.), 1008, sec. 2.*

APPEAL from a judgment of the Erie County Court, entered in favor of the plaintiff upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the judge's minutes.

The action was in trover to recover a piano which had been taken by the defendants from the house of one P. D. K. Saunders after it had been levied upon by the plaintiff, as collector of taxes, for an

unpaid tax due from the said P. D. K. Saunders. The defendants removed it from the house under a bill of sale executed after the levy by Saunders, his wife, Betsy Saunders, and one W. H. Gurney.

It appeared that on December 24, 1875, the defendants were the owners of the piano, and that on that day they negotiated and consummated a sale of it to P. D. K. Saunders for the price of $700, he paying $100 and giving a complex instrument by which he agreed to pay to them the balance in installments, they reserving "title to said piano," and declaring that the giving him possession thereof "should not pass the title until said purchase-money is paid." It was also agreed that "in case more than one-third of the purchase shall have been paid to said Wahle & Sons, then they shall sell said piano at public sale, and apply the proceeds thereof * * * for the payment of said debt." Having executed such instrument, Saunders caused the piano to be delivered at his house in Hudson street, Buffalo, on Christmas morning, and then called his wife down stairs to look at it, and informed her it was a Christmas present for her.

The piano remained in his house until he removed to Hamburg, where it was removed with furniture to his farm-house. He made payments from time to time, and there remained unpaid $280 at the time of levy by the plaintiff. The defendants gave the wife an agreement that she might redeem the piano upon payment of the $280 in six months.

The Court at General Term said: "Obviously Saunders did not have the legal title to the piano on the Christmas morning when he told his wife it was a present to her. *He had an interest* in it, with a privilege to acquire the title to it upon complying with the terms he had made with Wahle & Sons. After the evidence of what took place as to the gift on Christmas morning, the subsequent payments by the husband, the possession in the Hudson street house, the removal of it to his house in Hamburg, the use of it there, and all circumstances relating to the husband's uniting in a sale of it to the defendants, was before the court and jury. It became a question of fact whether the husband or wife *owned* the piano at the time of the levy; and it was proper to submit, as the trial court did, that question of fact to the jury. (*Trow* v. *Shannon*, 78 N. Y., 446.)

" It was also a question of fact as to whether the piano was in the possession of the husband or wife, and that was also properly submitted to the jury. The verdict finds both propositions in favor of the plaintiff, and we cannot say their verdict is against the weight of evidence. The inferences and deductions to be drawn from the evidence were for the jury. Assuming that the verdict is correct in finding either that Saunders was the owner of the piano or that he was in possession of it at the time of the levy, it was, under section 2 of the Revised Statutes, liable to seizure and sale. (2 R. S. [7th ed.], 1008.)

" That section declares it to be the duty of the collector ' to levy the tax by distress and sale of the goods and chattels of the person who ought to pay the same, or of any goods and chattels in his possession, * * * and no claim of property to be made thereto by any other person shall be available to prevent a sale.'

" The object of the latter part of the section was to avoid disputes as to title to property taken from the possession of the tax debtor, and to facilitate the collection of taxes. (*Lake Shore and M. S. R. R. Co.* v. *Roach*, 80 N. Y., 343.)

"An argument is pressed upon us that the statute we have quoted is unconstitutional, in so far as it authorizes the seizure and sale of property found in the possession of the tax debtor, and not owned by him, is concerned. Its validity has been assumed for over fifty years, and has been approved by too many cases to allow us to consider it an open question in this court, especially in this case, which does not necessarily turn upon that portion of the statute. We shall content ourselves by holding the statute valid, without examining in detail the argument submitted by the appellant against it." (*Sheldon* v. *Van Buskirk*, 2 N. Y., 473 ; *Rundell* v. *Lakey*, 40 id., 515 ; *Stockwell* v. *Veitch*, 38 Barb., 650 ; *Lake Shore and M. S. R. R. Co.* v. *Roach*, 80 N. Y., 343.)

*E. L. Parker*, for the appellants.

*Calkins & Emory*, for the respondent.

Opinion by HARDIN, J.

Present — SMITH, P. J., HARDIN and MACOMBER, JJ.

Judgment and order affirmed.